IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ) | CASE NO. 08-11139 |
| DONALD GEROME WATSON ) | |
| ) | |
| ) | |
| Debtor. ) | Chapter 13 |
| ) | |

## MEMORANDUM OPINION

This matter came before the Court for hearing on October 9, 2008 upon the Motion to Excuse Compliance with 11 U.S.C. § 521(e)(2)(A) (the "Motion"), filed by the above-referenced debtor (the "Debtor") on September 9, 2008. At the hearing, Philip E. Bolton appeared on behalf of the Debtor, Robert E. Price, Jr. appeared on behalf of the U.S. Bankruptcy Administrator, and Anita Jo Kinlaw Troxler appeared in her capacity as the Chapter 13 Trustee. Based upon a review of the Motion, the evidence presented at the hearing, and a review of the entire official file, the Motion will be denied.

### JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), which this Court has the jurisdiction to hear and determine.

## FACTS

On July 24, 2008, the Debtor filed for Chapter 13 relief.  On September 8, 2008, the Debtor attended the scheduled meeting of creditors.  The Debtor did not provide the Trustee with a copy of his federal income tax return for the most recent tax year as required by Section 521(e)(2)(A).  According to Schedule I, Debtor's income consists almost entirely of Social Security benefits.  The Debtor has not been required to file a federal income tax return for the last fifteen years and therefore has not done so.  The Debtor now seeks an order excusing him from complying with the provisions of Section 521(e)(2)(A).

## ANALYSIS

Pursuant to Section 521(e)(2):

(A) The debtor shall provide—

 (i) not later than 7 days before the first date set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and

 (ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.

(B) If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

11 U.S.C. § 521(e)(2) (2006).

The facts of this case are strikingly similar to those of In re Ring, 341 B.R. 387 (Bankr. D. Me. 2006).  In Ring, two debtors sought comfort orders that their cases were not subject to dismissal for their failure to provide the trustee with copies of their federal income tax returns.

341 B.R. at 387-88.  The Ring court held that the structure of Section 521(e)(2) "makes it plain that delivery of the tax returns (or transcripts) to the trustee (or a timely requesting creditor) must be made, on pain of dismissal, but it is equally clear that dismissal for this particular default is not automatic."  Id. at 389.  This Court agrees with the holding in Ring and will follow it.  The Court's position is supported by the language of Section 521(i)(1),[1] which specifically mandates automatic dismissal if the debtor does not fulfill his or her duty to timely file the information required under Section 521(a)(1).  "Where the Congress intended that a case be dismissed automatically, and without the need for a motion, it said as much."  In re Duffus, 339 B.R. 746, 748 (Bankr. D. Or. 2006).  Therefore, dismissal for non-compliance with Section 521(e)(2)(A) is not automatic.

In order to dismiss a case for non-compliance with Section 521(e)(2)(A), a motion to dismiss, with notice and opportunity for a hearing, is necessary.  See Ring, 341 B.R. at 390; Fed. R. Bankr. P. 9014.  A motion to dismiss may be brought by the trustee or by a creditor who timely requests a copy of the required tax return.  The trustee has complete discretion to "pursue dismissal, excuse noncompliance, or accept tardy compliance if he or she chooses."  Ring, 341 B.R. at 390 (citing Duffus, 339 B.R. at 747-48).  However, in order for a creditor to have standing to bring a motion under Section 521(e)(2)(C), the creditor must request a copy of the debtor's return before "the last date by which the debtor must provide a copy to the trustee," which is seven days prior to the date first set for the meeting of creditors.  Id. at 391 n.7.

---

[1] "[I]f an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."  11 U.S.C. § 521(i)(1) (2006) (emphasis added).

In this case, no creditor requested a copy of the Debtor's tax return, and the Trustee has not yet brought a motion to dismiss for non-compliance with Section 521(e)(2)(A). Therefore, the Debtor's anticipatory motion to excuse his non-compliance is unnecessary. In the event that the Trustee files such a motion, the Debtor will have the opportunity to demonstrate that his failure to comply was due to circumstances beyond his control. 11 U.S.C. § 521(e)(2)(B) (2006).

## CONCLUSION

Based on the foregoing, the Motion is denied because it is unnecessary. This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Rule 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ) | CASE NO. 08-11139 |
| DONALD GEROME WATSON ) | |
| ) | |
| ) | |
| Debtor. ) | Chapter 13 |
| ) | |

**PARTIES IN INTEREST**

Donald Gerome Watson

Philip E. Bolton, Esq.

Anita Jo Kinlaw Troxler